# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8275 | **DATE** | 12/14/2011 |
| **CASE TITLE** | Piunti v. New Rogers Pontiac Inc. | | |

**DOCKET ENTRY TEXT:**

The Court denies defendant's motion [8] to dismiss. Defendant is granted until January 16, 2012 to file an answer.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Cynthia Piunti ("Piunti") filed a two-count complaint against defendant New Rogers Pontiac Inc. Piunti alleges that defendant terminated her employment on the basis of her age and sex, in violation of, respectively, Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). In support of her claims, Piunti alleges that she is a member of two protected classes (she is female and is over the age of 40), that she consistently met and exceeded her employer's expectations, that defendant terminated her employment and that she was replaced by one Jamie Benck, who was outside her protected classes, in that he was both male and under the age of 40.

     Defendant moves to dismiss, arguing that plaintiff's allegations are insufficient to state a plausible claim for termination in violation of Title VII or the ADEA. As defendant points out, plaintiff failed to "allege any facts surrounding her termination, such as who made the decision to fire her and what, if any, reason was given for her termination." Defendant also points out that plaintiff failed to allege "that Defendant treated similarly situated male employees more favorably" or that "the man who replaced her was substantially similar to her in attributes such as experience and education." Does plaintiff's failure warrant dismissal? This Court thinks not.

     The Seventh Circuit has "stated, on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). Essentially, a plaintiff needs to allege a plausible *prima facie* case of discrimination.

     The *prima facie* case varies. To make out a *prima facie* case, a plaintiff must show that she was discharged "under circumstances which give rise to an inference of unlawful discrimination" and the "standard is not inflexible" because facts vary in different cases. *Texas Dep't of Comm. Affairs v. Burdine,*

| STATEMENT |
|---|

450 U.S. 248, 253 & n.6 (1981). To make out a *prima facie* case of discrimination in the termination context, a plaintiff must establish that (1) she is a member of a protected class; (2) she performed her job to her employer's expectations; (3) she was discharged; and (4) the employer either filled the position with a person not in the plaintiff's protected class **or** that a similarly-situated individual outside his protected class was treated more favorably. *Jennings v. Illinois Dep't of Corrections*, 496 F.3d 764, 767 (7th Cir. 2007); *Pantoja v. American NTN Bearing Mfg. Corp.*, 495 F.3d 840, 845-846 (7th Cir. 2007); *Steinhauer v. Degolier*, 359 F.3d 481, 484 (7th Cir. 2004).

      Here, Piunti has alleged plausible claims for sex and age discrimination. First, she has alleged her specific protected classes: she is female and she is over the age of 40. Second, she has alleged a specific adverse employment action: her employment was terminated. Third, she has alleged that she met and exceeded her employer's expectations. Fourth, she has alleged the specific person who replaced her and that he was outside her protected classes (he is male and under the age of forty). Note that that last element can be plead one of two ways. Plaintiff chose the first option and that suffices. She need not also plead the second option.

      Piunti has stated claims for sex and age discrimination. Thus, defendant's motion to dismiss is denied. Defendant is granted until January 16, 2012 to file its answer.